THOS. HIGGINS *v.* C. S. STOY.

**Cost—Vexatious Litigation—Each Party to Pay His Own Cost.**
    Where the proceedings are vexatious upon the part of both litigants, and neither succeeds, each party should pay his own cost.

APPEAL FROM MARION CIRCUIT COURT.

December 6, 1870.

OPINION BY JUDGE LINDSAY:

Stoy filed his petition in the Marion Circuit Court claiming to be the owner and possessor of a certain house and lot in the town of Lebanon, and alleging that the eastern wall of his said house was about nine inches within the boundary of his said lot, and that Higgins who owned the adjoining lot to the east, had, without his consent, and of force entered upon his said premises, and attached planks, joists and rafters to his said eastern wall by driving nails through the same into said wall, and he prayed for judgment for the recovery of said nine inches of land, and for five hundred dollars damages for trespass. Appellant moved to strike out that part of the petition setting up the trespass which motion was overruled.

Wherefore he filed his answer denying that Stoy owned the house and lot, or was rightfully in possession of the same, or that the eastern wall of the house was within the boundary of the lot, also that he had forcibly entered upon said premises or had attached and continued to keep rafters, etc., attached to the wall of the house, or that any portion of Stoy's lot was in his possession.

He also made his answer a cross-petition and prayed judgment against Stoy on account of an alleged Trespass upon his lot and building.

Upon trial, the jury returned a verdict in these words: "We, of the jury, find the wall the property of Stoy, and that Higgins has a right to the use of said wall as far back as his brick house goes, beyond that the wall is exclusively said Stoy's, and that Higgins has committed no trespass." Upon the verdict the court rendered a judgment settling the rights of the parties in and to the property in controversy in exact accordance with the finding of the jury, and adjudging Higgins to pay the costs of the action.

In this, so far as the cases are concerned, we think the court erred. It cannot be concluded from the verdict. That Higgins was guilty either of the unlawful possession of any portion of Stoy's lot, or of the trespass complained of, nor that Stoy was guilty of the trespass complained of by Higgins in his cross-petition.

We conclude that the proceeding was vexatious upon the part of both litigants, and as neither succeeded, that each party should pay his own costs.

The judgment is therefore reversed and the cause remanded, with directions to the circuit court to enter a judgment in conformity with this conclusion.

*Harrison & Russell, for appellant.*

*Rountree & Fogle, for appellee.*